UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SARAH CREBASSA, )
               Plaintiff(s), ) Case No. 2:17-cv-02276-APG-NJK
)
v. ) ORDER
)
GOVERNOR BRIAN SANDOVAL, )
               Defendant(s). )
)

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.** ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. The Court concludes that Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.** **Screening Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When
2 a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the
3 complaint with directions as to curing its deficiencies, unless it is clear from the face of the
4 complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d
5 1103, 1106 (9th Cir. 1995).

6 Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint
7 for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is
8 essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th
9 Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing
10 that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S.
11 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more
12 than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft
13 v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court
14 must accept as true all well-pled factual allegations contained in the complaint, but the same
15 requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the
16 elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.
17 Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible,
18 the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint
19 are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627
20 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required
21 after *Twombly* and *Iqbal*).

22 In this case, Plaintiff has filed a one-page complaint consisting of boilerplate assertions that
23 she sought assistance from Defendant, and he declined to give that assistance. Docket No. 1-1.
24 Plaintiff fails to identify what cause of action she is intending to bring, on what legal theory, and
25 what factual allegations support the cause of action. Moreover, Plaintiff has failed to explain why
26 this Court has jurisdiction over any claim she intends to bring against Defendant.[1]

27

28 [1] "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d

To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Although the Court construes complaints drafted by *pro se* litigants liberally, they still must comply with the basic requirements of Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). Moreover, the complaint must sufficiently allege a basis for the Court to assert subject matter jurisdiction over the case.

Plaintiff's complaint fails to sufficiently explain the claim being pursued or allege subject matter jurisdiction, and therefore fails to satisfy Rule 8. The Court will, however, allow Plaintiff an opportunity to amend the complaint to comply with Rule 8.

## III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **September 29, 2017**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended

---

1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). With respect to federal question jurisdiction, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. With respect to diversity jurisdiction, federal courts have original jurisdiction when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

Dated: August 31, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge