1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

8
9
10

| | |
|---|---|
| SARAH CREBASSA, | Case No.: 2:17-cv-02276-APG-NJK |
| Plaintiff(s), | **REPORT AND RECOMMENDATION** |
| v. | |
| GOVERNOR BRIAN SANDOVAL, | |
| Defendant(s). | |

11
12
13
14
15

16    Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to

17  28 U.S.C. § 1915 to proceed *in forma pauperis*.  Docket No. 1.  Pursuant to § 1915(e), the Court

18  screened Plaintiff's complaint and found that the complaint did not comply with Rule 8, failed to

19  state a claim, and failed to provide a jurisdictional basis for the lawsuit.  Docket No. 3.  The Court

20  ordered Plaintiff to file an amended complaint if she believed she could cure the deficiencies

21  stated.  *Id.* at 3.  The Court warned that "**[f]ailure to comply with this order will result in the**

22  **recommended dismissal of this case**."  *Id.* at 4 (emphasis in original).

23    Rather than file an amended complaint, Plaintiff instead filed a motion to consolidate, a

24  motion to file a consolidated amended complaint, a motion to extend time, and a motion to amend

25  the complaint.  *See* Docket Nos. 6-9.  The Court denied the latter three motions without prejudice

26  and stayed this case pending resolution of the motion to consolidate.  Docket No. 10.[1]

27

28    [1] Given the procedural posture, the Court did not screen the documents attached to the
motion to amend the complaint at Docket No. 7.  The Court notes, however, that the documents
attached thereto continue to violate Rule 8, do not state a cause of action against Governor

1    The motion to consolidate was subsequently denied, and the Court again ordered Plaintiff

2    to file an amended complaint that cures the deficiencies identified in the initial screening order.

3    Docket No. 11.  The deadline to file that amended complaint was set at 4:00 p.m. on July 13,

4    2018.  *Id.* at 2.  The Court again warned that "**[f]ailure to do so may result in dismissal of this**

5    **case.**"  *Id.* (emphasis in original).

6        To date, Plaintiff has not filed an amended complaint as ordered.  For the reasons explained

7    previously, Plaintiff has not sufficiently pled a cause of action against Governor Sandoval and has

8    not sufficiently pled a jurisdictional basis to proceed in this Court against Governor Sandoval.

9    Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.

10       Dated: July 20, 2018

11       _____

12       Nancy J. Koppe
         United States Magistrate Judge

13

14                              **NOTICE**

15       Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be

16   in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The

17   Supreme Court has held that the courts of appeal may determine that an appeal has been waived

18   due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142

19   _____

20   Sandoval, and fail to provide a sufficient basis to exercise subject matter jurisdiction over any
     claim against Governor Sandoval.  The causes of action specifically identified are claims under 42
21   U.S.C. § 1983 and § 1985, but such claims fail as a matter of law against Governor Sandoval in
     his personal capacity because there are no factual allegations regarding him.  *See, e.g.*, *Taylor v.*
22   *List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (§ 1983 claims require showing of personal participation
     by the defendant); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988)
23   (§ 1985 claims must be pled with specificity).  To the extent Plaintiff is attempting to sue Governor
     Sandoval in his official capacity for money damages, her claims are barred by the Eleventh
24   Amendment.  *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

25       In the motion for leave to amend at Docket No. 9, Plaintiff indicates that Governor
     Sandoval accepted the resignation of Mark Manendo.  *Id.* at 2, 5.  Plaintiff also asserts that
26   Governor Sandoval did not resolve her complaint and instead forwarded it to the Attorney
     General's office for review.  *See id.* at 3-4.  Plaintiff's filing otherwise attaches documents in an
27   effort to show that she has been unsuccessful in retaining an attorney or in obtaining relief from
     various entities, such as the Attorney General's office or the Las Vegas Metropolitan Police
28   Department.  *See, e.g., id.* at 3-10.  Such allegations fail to comply with Rule 8 and fail to state a
     claim against Governor Sandoval under either 42 U.S.C. § 1983 or § 1985.

(1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).